## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| WELLS FARGO, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 2010-104 |
| ESTATE OF SYLVESTER POND and ) | |
| CLAUDETTE CAMBRAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorney:**
**Nycole A. Thompson,**
St. Thomas, U.S.V.I.
    *For the Plaintiff*

### MEMORANDUM OPINION

**Lewis, District Judge**

    THIS MATTER comes before the Court on Plaintiff Wells Fargo's Motion For Default Judgment, which was filed on July 19, 2011. (Dkt. No. 10).  Wells Fargo seeks default judgment against the Estate of Sylvester Pond and Claudette Cambran, the surviving spouse of Sylvester Pond and alleged representative of the Estate of Sylvester Pond, on a Promissory Note and Mortgage entered into between Wells Fargo and Sylvester Pond.

    Because Wells Fargo has failed to demonstrate that it has a claim against Claudette Cambran personally and that she is, in fact, the representative of Sylvester Pond's Estate, the Court denies Plaintiff's Motion For Default Judgment without prejudice.  Further, the Court will require Wells Fargo to submit a brief addressing these shortcomings, as well as other issues raised by its Motion for Default Judgment.

## I.    BACKGROUND

Wells Fargo filed its Complaint on November 3, 2010. (*See* Compl., Dkt. No. 1). According to the Complaint, on September 28, 1999, Sylvester Pond executed a Promissory Note and Mortgage in favor of Virgin Islands Home Loans, Wells Fargo's predecessor in interest, in the amount of $82,566 regarding property (the "Property") described as:

> Plot No. 68 of Parcel No. 42 of Estate Eliza's Retreat ("Flamboyant"), East End Quarter "A", St. Croix, USVI, consisting of 5,190.04 square feet as more fully shown on PWD No. 1727-10, dated May 7, 1969

*Id*. at ¶ 7. Sylvester Pond is the sole signatory on the Promissory Note and Mortgage. (*See* Dkt. Nos. 1-2 & 1-3).

The Complaint alleges that, on August 12, 2009, Sylvester Pond died, "leaving his surviving spouse, Defendant Claudette Cambran." (Compl. at ¶ 4). The Complaint does not indicate whether probate proceedings regarding Sylvester Pond's Estate have commenced. The Complaint names as Defendants the Estate of Sylvester Pond and Claudette Cambran. It alleges that "Defendants defaulted under the terms and conditions of the Note, in that monthly installments of principal and interest became due pursuant to the Note and were unpaid," but does not allege when this default occurred. *Id*. at ¶¶ 17-18. The Complaint further alleges that Wells Fargo sent a notice of default dated June 13, 2010, to the "Estate of Sylvester Pond C/O Claudette Cambran" at the address last given to Wells Fargo. *Id*. at ¶ 19; *see also* Dkt. No. 1-7.

In its Complaint, Wells Fargo seeks, among other things, a judgment against Claudette Cambran and Sylvester Pond or his Estate, jointly and severally, "awarding Wells Fargo all amounts declared due on the Note and Mortgage;" a judgment of foreclosure on the Property; judgment directing that the Property be sold at a Marshal's sale and the proceeds applied to the

amount due to Wells Fargo; and "Judgment against Claudette Cambran and Sylvester Pond or his estate for any deficiency that may remain after the sale of the Property." (Compl. at 6-7).

To serve the Estate of Sylvester Pond, Wells Fargo attempted service on Claudette Cambran. However, Wells Fargo does not allege in the Complaint or by sworn affidavit that Claudette Cambran is the representative of the Estate of Sylvester Pond. Rather, Wells Fargo alleges in its "Memorandum of Law in Support of Motion for Entry of Default Against Defendant Estate of Sylvester Pond" that "Ms. Cambran . . . is the wife and, *upon information and belief*, the representative of the Estate of Sylvester Pond, Deceased." (Dkt. No. 6 at 2) (emphasis added). Wells Fargo states that to serve the Estate of Sylvester Pond, it hired a process server who attempted to serve Ms. Cambran several times at No. 42 of Estate Eliza's Retreat, a residence where the process server avers that he has called Ms. Cambran previously, and which is alleged to be her "usual place of abode." *Id*. at 2-3; *see also* Affs. of Process Server, Dkt. Nos. 7-1 & 7-2. Ms. Cambran allegedly refused to accept service, and the process server left the documents with another adult who was at the residence. (Dkt. No. 6-2).

## II. APPLICABLE LEGAL PRINCIPLES

### A. Claims Against a Decedent Under Virgin Islands Law

Virgin Islands probate law provides that "causes of action by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter." 15 V.I.C. § 601. A "'personal representative' means an executor, administrator, successor personal representative, or special administrator of a decedent's estate or a person legally authorized to perform substantially the same functions." 15 V.I.C. § 1251b. In other words, a cause of action against a decedent's estate must be brought against the decedent's personal representative.

3

>Virgin Islands Superior Court Rule 191 provides:
>
>(a) The initial step toward the administration of an estate of a deceased person who died testate is the filing of the will and a petition for probate and for letters testamentary or of administration with the will annexed . . .
>
>(b) If the deceased died intestate, the initial step toward administration is the filing of a petition for administration.

*See also* 15 V.I.C. § 232.[1] The petition for probate/administration may be filed in the Superior Court by any "interested person." Virgin Islands Superior Court Rule 191(a).

Generally, the Superior Court will appoint as executor or administrator whomever is named as such in the will, as long as they are statutorily qualified. 15 V.I.C. §§ 233-235. When there is no will, "[a]dministration of the estate of an intestate shall be granted and letters thereof issued, to (1) the widow or next of kin, or both, in the discretion of the court; (2) one or more of the principal creditors; or (3) any other person competent and qualified whom the court may select." 15 V.I.C. § 236(a). Virgin Islands courts have interpreted section 236 as authorizing a creditor to file a petition for the administration of a decedent's estate. *In re Estate of Todman*, 48 V.I. 166, 170, 2006 V.I. LEXIS 29 (V.I. Super. Ct. 2006).

Claims by creditors against an estate must normally be presented to the executor or administrator of the estate and then to the court handling probate of the estate. *See* 15 V.I.C. §§ 391-395; *In re Estate of Sewer,* 332 F. Supp. 2d 817, 820 (D.V.I. App. Div. 2004) (noting that holder of promissory note brought a "creditor's claim with the estate of Hulda Sewer"); *In re*

---

[1] Section 232 provides:

>In an application to prove a will or for the appointment of an executor or administrator, the petition shall set forth the facts necessary to give the court jurisdiction, and the names, age, and residence, so far as known of his heirs. In the case of an application for the appointment of an executor or administrator, the application shall also state whether or not the deceased left a will.

*Estate of Erikson*, 11 V.I. 30, 32, 1974 U.S. Dist. LEXIS 5911 (D.V.I. 1974) (noting that creditor "presented his claim to this Court pursuant to 15 V.I.C. 395."). Pursuant to section 393, "[t]he presentation and verification of a claim is the initial procedural step that a creditor should follow in the settlement of estates so that the legal representative or fiduciary can act completely after knowing just what is claimed." *Steffey v. Estate of Maurice Petion Savain*, 15 V.I. 260, 264, 1978 V.I. LEXIS 12 (V.I. Terr. Ct. 1978). If the claim is rejected by the executor or administrator of the estate, the creditor may then file a claim with the court so long as it is based on "competent or satisfactory evidence." 15 V.I.C. § 395. This procedural requirement "is mandatory and unless the statute has been fully complied with, the claim is declared invalid and has to be rejected." *Steffey,* 15 V.I. at 265-266 (dismissing debt claim against estate of decedent for failure to properly present claim to administrator of estate); *see also* 15 V.I.C. § 646 ("Heirs are not liable for the debt of their ancestor . . . unless it appears that the personal assets of the deceased were insufficient to discharge it, or that *after due proceedings the creditor has been unable to collect the debt from the personal representatives of the deceased*") (emphasis added).

### B. Default Judgment

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

"Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered." *Harris v. House Savings Investors*, LLC, 2010 WL 997376, at *1 (D.V.I. March 16, 2010) (quoting *Bixler v. Foster,* 596 F.3d 751, 761 (10th Cir. 2010)). To exercise personal jurisdiction over a party, a district court must comply with constitutional due process requirements and ensure that defendant was properly served. *See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc*., 988 F.2d 476, 492 (3d Cir.1993) ("A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4.").

An application for entry of default judgment must contain evidence, by affidavits and/or documents of the following: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act." *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012); *Int'l Union of Painters and Allied Trades Dist. Council 711 Health and Welfare, Vacation and Finishing Trades Inst. Funds v. Village Glass, Inc.,* 2012 WL 209076, at *1 (D.N.J. Jan. 3, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009); *Turk v. Invacare Corp.*, 2010 WL 4740196, at *3 (W.D. Pa. Nov. 16, 2010). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III. ANALYSIS

#### A. Claudette Cambran

In its Motion for Default Judgment, Wells Fargo asks, *inter alia*, for "final judgment pursuant to the Note and Mortgage against Defendants, the Estate of Sylvester Pond and Claudette Cambran, jointly and severally . . . for a total amount of $83,298.85" plus post-judgment interest. (Dkt. No. 10-1). In the Complaint, Wells Fargo states that "Defendants defaulted under the terms and condition of the Note . . . [and] Mortgage." (Dkt. No. 1 at ¶¶ 17-18). However, the Mortgage and Promissory Note, which were attached to the Complaint, clearly indicate that Sylvester Pond was the sole signatory on both documents. (Dkt. Nos. 1-2 & 1-3). Claudette Cambran does not appear on either document.

The Complaint *does* allege that Claudette Cambran is the surviving spouse of Sylvester Pond. Even accepting this fact as true, Wells Fargo still does not offer explanation or legal authority for how this makes her jointly and severally liable with the Estate of Sylvester Pond on the Note and Mortgage. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) ("Consequently, before granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.") (citation omitted). Accordingly, because Wells Fargo has not provided a sufficient factual and legal basis for Claudette Cambran's liability under the Promissory Note and Mortgage, the Court will deny without prejudice the Motion for Default as it pertains to Claudette Cambran in her individual capacity.

#### B. Personal Jurisdiction Over the Estate of Sylvester Pond

To obtain personal jurisdiction over the Estate of Sylvester Pond, Wells Fargo must demonstrate that it served the "personal representative" of the Estate. 15 V.I.C. § 601. In that

regard, Wells Fargo claims, in a Memorandum of Law filed in connection with its default proceedings, that "upon information and belief," Claudette Cambran is "the representative of the Estate of Sylvester Pond, Deceased." (Dkt. No. 6 at 2). This is an insufficient basis to demonstrate that Claudette Cambran is the representative of the Estate of Sylvester Pond. In addition to the fact that the "information and belief" comes in the form of a memorandum, not a sworn affidavit, and contains no facts upon which the information and belief are based,[2] such "information and belief" are insufficient evidentiary support that Ms. Cambran is the "representative" of the Estate of Sylvester Pond. *See Felske v. Hirschmann,* 2012 WL 716632, at *4 (S.D.N.Y. Mar. 1, 2012) ("Plaintiffs' allegation that, 'upon information and belief,' the Hirschmann Defendants 'are personal representative(s) of the estate' and 'are liable for the debts of the estate' is insufficient to establish personal jurisdiction."); *McRee v. Goldman*, 2012 WL 929825, at *9 (N.D. Cal. 2012) (finding that plaintiff had failed to demonstrate that he sued the representative of the defendant estate and ordering that he "therefore must ascertain the identity of the personal representative of the Estate and serve his Complaint upon that person or entity.").[3] Accordingly, Wells Fargo has failed to demonstrate that this Court has personal jurisdiction over the Estate of Sylvester Pond.

---

[2] *See* 2A C.J.S. Affidavits § 46 (2012) ("When it is permissible to make an affidavit on information and belief, the source of the information and the grounds of belief must be stated so that the court will have sufficient information to draw its own conclusions therefrom.").

[3] The Court is aware that the Third Circuit recently found that a counsel's "information and belief" are sufficient grounds upon which to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment. *See FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). Here, however, Wells Fargo is attempting to use "information and belief" not as the basis for establishing that Claudette Cambrain is a competent adult, but to demonstrate that it has sued the correct person.

### C. Subject Matter Jurisdiction

Wells Fargo contends that the Court has subject matter jurisdiction over this matter based on diversity of citizenship. However, the Court has concerns regarding the exercise of subject matter jurisdiction.

Like nearly all state courts, the Virgin Islands Superior Court has subject matter jurisdiction over probate matters. *See* 15 V.I.C. § 1-302(a) ("To the full extent permitted by the Constitution and except as otherwise provided by law, the court has jurisdiction over all subject matter relating to: (1) Estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons.").[4] Although the parties are diverse and the amount in controversy is greater than $75,000, jurisdiction over this case may be improper under what is known as the probate exception:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 304 (2006); *see also Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 226 (3d Cir. 2008) (under "probate exception" to diversity jurisdiction, federal courts cannot exercise jurisdiction over matters that would interfere with "general jurisdiction of the probate or control of the property in the custody of the state court").

Here, Wells Fargo has sued the Estate of Sylvester Pond for the debts of Sylvester Pond arising from a Promissory Note and Mortgage signed only by him. Claims by creditors against an estate must normally be presented to the executor or administrator of the estate and then to the

---

[4] The Virgin Islands Probate Code defines "court" as "the Superior Court of the Virgin Islands or Division of the Superior Court having jurisdiction in matters related to the affairs of decedents." 15 V.I.C. § 1-201(8).

9

probate court.  *See* 15 V.I.C. §§ 391-395; 15 V.I.C. § 646.  Thus, the Court has doubts as to whether it has subject matter jurisdiction to award the relief requested by Wells Fargo.

## IV.   CONCLUSION

Wells Fargo has not demonstrated that Claudette Cambran is liable for the Promissory Note and Mortgage or that she is the representative of the Estate of Sylvester Pond.  Accordingly, the Court will deny without prejudice the Motion for Default Judgment.  Further, the Court is concerned that the relief requested by Wells Fargo implicates matters that either are currently, or should be, before the Superior Court.  The Court, therefore, will require that Wells Fargo file a brief with the Court addressing: 1) its legal and factual basis for seeking judgment against Claudette Cambran in her individual capacity; 2) its evidentiary basis that Claudette Cambran is the representative of the Estate of Sylvester Pond; and 3) the legal and factual basis for this Court's exercise of subject matter jurisdiction over this matter, with particular attention to the concerns expressed in this Memorandum Opinion.  An appropriate Order accompanies this Memorandum Opinion.

Date: March 30, 2012                    _____/s/_____
                                        WILMA A. LEWIS
                                        District Judge